## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL STARR, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-621-GKF-TLW |
| | ) | |
| QUIKTRIP CORPORATION, | ) | |
| a domestic for-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

At the Final Pretrial Conference held November 15, 2016, the court directed counsel for the parties to file short briefs on the issue of whether liquidated damages under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4323(d)(1)(C), is an equitable issue for the court or a legal issue for the jury. The parties subsequently filed their briefs. [Doc. Nos. 62–63]. For the reasons set forth below, the court concludes that the issue of liquidated damages shall be determined by the jury in the upcoming trial.

In a USERRA case the nature of the remedy sought determines a claimant's right to a jury trial. *See, e.g.*, *Duarte v. Agilent Technologies, Inc.*, 366 F.Supp.2d 1036, 1037–38 (D. Colo. 2005); *Helton v. Flowers Bakery of Cleveland, LLC*, No. 1:09-CV-133, 2009 WL 3296646, at *1–2 (E.D. Tenn. Oct. 9, 2009); *Spratt v. Guardian Automotive Products, Inc.*, 997 F.Supp. 1138, 1140–43 (N.D. Ind. 1998). Obviously, that is so because the Seventh Amendment guarantees the right to trial by jury in all claims involving legal rights and remedies. *See* U.S. Const. amend. VII; *Duarte*, 366 F.Supp.2d at 1037 (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)).

Historically, veterans' reemployment rights statutes afforded "no right to a jury trial." *See Duarte*, 366 F.Supp.2d at 1037 (collecting cases).  But USERRA is different—Section 4323(d)(1)(C) provides for an award of liquidated damages for "willful" violations of statute.  38 U.S.C. §4323(d)(1)(C).  In this way, Section 4323 is characteristically punitive: it conditions liquidated damages on a finding of willfulness, and compensates claimants above their actual injuries.  *See Duarte*, 366 F.Supp.2d at 1038; *Helton*, 2009 WL 3296646, at *3–4.  For Seventh Amendment purposes, that distinction makes a constitutional difference.  *See id.*  As every federal court to confront the issue has agreed, "[a] plaintiff is entitled to a jury trial on a liquidated damages claim under USERRA."  *See DeLee v. City of Plymouth*, 773 F.3d 172, 174 n.1 (7th Cir. 2014); *see also Middleton v. City of Chicago*, 578 F.3d 655, 659 (7th Cir. 2009); *Tully v. Cty. of Nassau*, No. 11-CV-2633 (ADS)(ARL), 2012 WL 487007, at *7 (E.D.N.Y. Feb. 14, 2012); *Helton*, 2009 WL 3296646, at *4; *Risner v. Haines*, No. 1:06 CV 1953, 2009 WL 4280734, at *6 (N.D. Oh. Nov. 24, 2009); *Maher v. City of Chicago*, 463 F.Supp.2d 837, 844 (N.D. Ill. 2006); *Duarte*, 366 F.Supp.2d at 1038; *Nino v. Hayes Int'l, Inc.*, No. 1:05-cv-0602-JDT-TAB, 2005 WL 4889258, at *4 (S.D. Ind. Aug. 19, 2005); *Spratt*, 997 F.Supp. at 1143.

A case QuikTrip cites, *Serricchio v. Wachovia Secs., LLC*, 606 F.Supp.2d 256 (D. Conn. 2009), *aff'd* 658 F.3d 169 (2d Cir. 2011), is not to the contrary.  To be sure, "[f]ollowing a bench trial on the issues of damages and equitable relief . . . the district court awarded Serrichio backpay . . . and liquidated damages in the same amount."  *Serricchio v. Wachovia Secs., LLC*, 653 F.3d 169, 177 (2d Cir. 2011).  But that sentence is merely descriptive of how the court proceeded in that case; it does not indicate whether the parties raised or the court decided whether liquidated damages under USERRA are an equitable remedy.  The court in *Serricchio* may have adjudicated liquidated damages by consent.  If so, the plaintiff waived his right to have

that issue decided by the jury. *Serrichio*, therefore, does not speak to the question presented in this case. And QuikTrip's argument that Starr failed to plead willfulness in the complaint comes far too late.

WHEREFORE, the court concludes that the issue of willfulness supporting an award of liquidated damages is a legal issue for the jury.

IT IS SO ORDERED this 2nd day of December, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT