FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

March 1, 2018

Elisabeth A. Shumaker
Clerk of Court

PAUL STARR, an individual,

    Plaintiff - Appellant,

v.

QUIKTRIP CORPORATION, a domestic for-profit corporation,

    Defendant - Appellee.

No. 17-5024
(D.C. No. 4:14-CV-00621-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Paul Starr seeks a new trial on his claim that QuikTrip violated a provision of the Uniformed Services Employment and Reemployment Rights Act (USERRA) by firing him shortly after he returned from military deployment. But Starr has not shown there was any reversible error, so we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Starr was a QuikTrip employee who also served in the Oklahoma National Guard. In the course of his service, Starr left QuikTrip temporarily for two deployments. Shortly after returning from his second deployment—a nine-month tour in Afghanistan—QuikTrip fired Starr for repeatedly violating a company attendance policy.

Starr sued QuikTrip for discriminatory termination under 38 U.S.C. § 4311(a) and premature termination under 38 U.S.C. § 4316(c)(1). The district court granted summary judgment in favor of QuikTrip on both claims. Starr appealed the district court's ruling and we reversed in part. *See Starr v. QuikTrip Corp.*, 655 F. App'x 642, 643 (10th Cir. 2016) (unpublished). We agreed QuikTrip was entitled to summary judgment on Starr's discriminatory termination claim, but concluded his premature termination claim involved a genuine dispute of material fact. *Id*. at 645.

On remand, the district court held a trial on Starr's premature termination claim. The premature termination provision of the USERRA prohibits employers from discharging a reemployed service member "except for cause . . . within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 180 days." § 4316(c)(1). There was no dispute that QuikTrip fired Starr within a year after returning from a deployment longer than 180 days, so the only question was whether QuikTrip had the requisite cause to terminate him. This required QuikTrip to show (1) it was reasonable to fire Starr based on his conduct and (2) Starr had express or implied notice the conduct in question would

give QuikTrip cause to fire him. *See* 20 C.F.R. § 1002.248(a). The jury found that QuikTrip satisfied both requirements and the district court entered judgment in its favor. After an unsuccessful motion for a new trial, Starr appealed.

**II. Analysis**

Starr makes three arguments on appeal. First, he argues the district court erred by denying his *Batson* challenge to two of QuikTrip's peremptory strikes. Second, he argues the court erred by excluding certain evidence of his military service. And third, he argues QuikTrip violated the district court's bifurcation order by referring to damages in its closing argument. We reject these arguments and affirm.

**A. Batson Challenge**

During jury selection, QuikTrip used two of its four peremptory strikes to remove potential jurors with prior military service. Starr objected, arguing the strikes were "inappropriate." Aplt. App. at 190. The district court interpreted the objection as an Equal Protection challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), and overruled Starr's objection. We see no error.

In *Batson*, the Supreme Court held that striking potential jurors solely on account of their race violated the Equal Protection Clause. 476 U.S. at 89. Courts have applied this rule in civil cases and extended it to prohibit peremptory strikes based on gender and religious affiliation. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 616 (1991) (civil case); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 146 (1994) (gender); *United States v. Brown*, 352 F.3d 654, 668 (2d Cir. 2003) (religious affiliation).

A party raising a *Batson* challenge must first make a prima facie showing the strike was based on a protected class. *Snyder v. Louisiana*, 552 U.S. 472, 476 (2008). Starr's challenge fails this first step.[1] Unlike classifications based on race, gender, and religion, classifications based on military service have never received heightened scrutiny under the Fourteenth Amendment. And Starr has not shown heightened scrutiny is warranted. Prior military service is not an immutable attribute. *See Hassan v. City of New York*, 804 F.3d 277, 301 (3d Cir. 2016) (recognizing courts "have looked with particular suspicion on discrimination based on immutable human attributes" (internal quotation marks omitted)). Perhaps more importantly, "[v]eterans are not a class saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *Sturgell v. Creasy*, 640 F.2d 843, 852 (6th Cir. 1981) (internal quotation marks omitted).

Unless they target groups subject to heightened protection under the Fourteenth Amendment, parties are generally free to use peremptory strikes to remove potential jurors belonging to any group they think will favor the other side. *See J.E.B.*, 511 U.S. at 143 ("Parties may . . . exercise their peremptory challenges to

---

[1] This court has not explicitly stated which standard we apply when reviewing district court rulings at *Batson*'s first step, but other circuits have applied the clear error standard. *See, e.g., United States v. Bergodere*, 40 F.3d 512, 516 (1st Cir. 1994); *Tolbert v. Page*, 182 F.3d 677, 684 (9th Cir. 1999) (collecting cases). We need not decide which standard applies in this case because Starr's challenge fails even de novo review.

remove from the venire any group or class of individuals normally subject to 'rational basis' review."). We have therefore refused to apply *Batson* to prohibit strikes based on prospective jurors' occupation or beliefs. *See United States v. Davis*, 40 F.3d 1069, 1077 (10th Cir. 1994) (rejecting argument that *Batson* prohibits striking teachers because a disproportionate share of teachers are women); *United States v. Prince*, 647 F.3d 1257, 1261 (10th Cir. 2011) (concluding *Batson* does not prohibit excluding prospective jurors based on their views of marijuana legalization). Starr cites no cases—and we have found none—prohibiting peremptory strikes based on military service.

We conclude *Batson* does not prohibit peremptory strikes based on a prospective juror's prior military service. *Cf. J.E.B.*, 511 U.S. at 143 n.16 (stating challenges based on military experience, without a showing of pretext, "may well not be unconstitutional[] since they are not gender or race based"); *Coulter v. Gilmore*, 155 F.3d 912, 921 (7th Cir. 1998) (describing prior military service as a facially neutral reason to strike a prospective juror). The district court did not err by denying Starr's *Batson* challenge.

### B. Evidence of Starr's Military Service

Starr argues the district court erred by excluding evidence of his military service, including "critical military documents that stated the many decorations and citations he had received defending this country" and that "provided information as to what . . . [he] endured while at war." Opening Br. at 11. We see no abuse of discretion. *See United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002) ("We

5

review questions concerning the admission of evidence under an abuse of discretion standard.").

Contrary to Starr's suggestion, the district court did not exclude all evidence of his military service. Rather, it allowed him to present evidence of his service to the extent it caused problems he communicated to QuikTrip. *See* Aplt. App. at 23-24. Starr does not explain why additional details of his military service were relevant to the issues at trial, which were the reasonableness of his termination and whether he had notice his conduct could result in termination. And Starr points to no clearly erroneous factual findings, errors of law, or clear errors of judgment on the part of the district court. As a result, we cannot conclude the district court abused its discretion. *See Jenkins*, 313 F.3d at 559 ("Under [the abuse of discretion] standard, we will not disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment.").

### C. Reference to Damages in Closing Argument

The district court bifurcated the trial into a liability phase and a damages phase. Starr argues QuikTrip violated the bifurcation order by referencing damages during its closing argument in the liability phase of the trial. Starr did not make a timely objection, so we review for plain error. *See Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) (reviewing purportedly improper remarks during closing argument for plain error when appellant failed to object). To establish plain error, Starr must show (1) error that: (2) was plain, (3) affected his substantial

rights, and (4) seriously affected the fairness, integrity, or public reputation of the proceedings. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

During his rebuttal closing, QuikTrip's attorney argued that

> [M]ost folks would like to make life easier for veterans. If they could sign a check and make life better, that would be fine. But you're not here just to say, "Give this person some money." You're here to decide whether QuikTrip did something to warrant giving this person some money. And I suggest to you, if you look at the facts and look at the evidence, you'll see they didn't do anything wrong.

Aplt. App. at 295-96. Even if we assume this comment was improper, Starr does not argue it rose to the level of plain error and makes no effort to show it satisfies the plain error standard. We therefore reject Starr's request to reverse on this ground. *See Richison*, 634 F.3d at 1131 (the failure to argue for plain error on appeal "surely marks the end of the road for an argument for reversal not [timely] presented to the district court").

### III. Conclusion

We affirm the district court's judgment.

                              Entered for the Court

                              Paul J. Kelly, Jr.
                              Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | March 01, 2018 | Chris Wolpert<br>Chief Deputy Clerk |

Mr. Walter W. Christy
Fisher & Phillips
201 St. Charles Avenue, Suite 3710
New Orleans, LA 70170

Ms. Amanda Wingfield Goldman
Coats Rose
365 Canal Street, Suite 800
New Orleans, LA 70130

Mr. Eric Anthony Mareshie Sr.
E. Anthony Mareshie
P.O. Box 330161
6528 D-1 East 101st Street
Tulsa, OK 74133-0161

Mr. Benjamin J. Oxford
Oxford Lehr
9 East 4th Street, Suite 600
Tulsa, OK 74103

RE:     17-5024, Starr v. Quiktrip Corporation
        Dist/Ag docket: 4:14-CV-00621-GKF-TLW

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en

banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*[signature]*

Elisabeth A. Shumaker
Clerk of the Court

EAS/klp



**17-5024 Starr v. Quiktrip Corporation "Case termination for order and judgment" (4:14-CV-00621-GKF-TLW)**
ca10_cmecf_notify   to: CM-ECFIntake_OKND   03/01/2018 09:00 AM

| | |
|---|---|
| From: | ca10_cmecf_notify@ca10.uscourts.gov |
| To: | CM-ECFIntake_OKND@oknd.uscourts.gov |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 03/01/2018 at 7:57:03 AM MST and filed on 03/01/2018

**Case Name:** Starr v. Quiktrip Corporation
**Case Number:** 17-5024
**Document(s):** Document(s)

**Docket Text:**
[10539452] Affirmed; Terminated on the merits after submissions without oral hearing; Written, signed, unpublished; Judges Baldock, Kelly (authoring) and O'Brien. Mandate to issue. [17-5024]

**Notice will be electronically mailed to:**

Mr. Walter W. Christy: wchristy@fisherphillips.com
Ms. Amanda Wingfield Goldman: agoldman@coatsrose.com, mwatts@coatsrose.com, rmann@coatsrose.com
Mr. Eric Anthony Mareshie, Sr.: tulsalegal@gmail.com
Mr. Benjamin J. Oxford: ben@oxfordlehr.com


The following document(s) are associated with this transaction:
**Document Description:** Order and judgment
**Original Filename:** 17-5024.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=03/01/2018] [FileNumber=10539452-0]
[c2368bad3c5729ed0d2b8c6404d5f4410914a2e6cc468eb4b02bb6e0ef1f842c9c001ecfc776e5df0
87e3d4aeefd1a9da602c75d7a28b82ae56e7549bc994691]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/KarenPhillips_175024_10539452_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=03/01/2018] [FileNumber=10539452-1]
[c9a6a9f5a3131107d17dfa41ec44dc702e8ba27a7dc6afb941320d5bf0a5f5929aeebcd9446cc267150840faa267228892be7846b637980ea15f9127a38ed4e1]]

**Recipients:**
- Mr. Walter W. Christy
- Ms. Amanda Wingfield Goldman
- Mr. Eric Anthony Mareshie, Sr.
- Mr. Benjamin J. Oxford